UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60229-GAYLES/STRAUSS

**THOMAS RANIERI,**

    Plaintiff,

v.

**PREMIER FIRE ALARMS AND
INTEGRATION SYSTEMS, INC.,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Verified Motion for Attorney Fees [DE 112] ("Motion"). I have reviewed the Motion, the Response [DE 115] and Reply [DE 117] thereto, Plaintiff's Notice of Compliance with D.E. 118 [DE 121], and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART** and that Plaintiff be awarded attorneys' fees in the amount of **$38,480**.

## BACKGROUND

Plaintiff was employed by Defendant for somewhere between 6 weeks and 2 months in early 2017. *See* [DE 70] at 1-2. He brought this action under the Fair Labor Standards Act ("FLSA"), claiming that Defendant failed to pay him for his final 3 weeks of work and that Defendant owed him $3,150 in unpaid minimum wages and overtime. *Id.* at 2. On March 7, 2022, a jury trial commenced. The following day, trial concluded, and that same day, the jury rendered its verdict. [DE 101]. The jury found that Plaintiff should be awarded $1,100 in unpaid minimum wages. *Id.* On March 11, 2022, the Court entered a Final Judgment [DE 106], awarding Plaintiff

the $1,100 sum and an equal amount in liquidated damages, for a total award of $2,200. Although the amount at issue in this case was relatively small (and the time period at issue relatively brief), Plaintiff clearly prevailed. As such, it is undisputed that he is entitled to an award of reasonable attorneys' fees. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985))); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) ("Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" (quoting 29 U.S.C. § 216(b))).

## ANALYSIS

Pursuant to the Motion, Plaintiff seeks an award of attorneys' fees in the amount of $91,860. This sum is comprised of 153.1 hours at an hourly rate of $600 (for both of Plaintiff's attorneys). Defendant contests the reasonableness of both the hourly rate and the number of hours sought. It contends that the hourly rate should be reduced to $400 and that the Court should only find 87.7 hours to be reasonable.[1] As discussed herein, I recommend that these items be reduced to 96.2 hours and an hourly rate of $400, and therefore, that Plaintiff be awarded attorneys' fees in the amount of $38,480.

---

[1] In his reply, Plaintiff argues that Defendant waived its objections by failing to comply with Local Rule 7.3's conferral requirements. *See* [DE 117] at 2-3. While I am not pleased about defense counsel's apparent non-compliance with the Local Rule, I decline to find waiver given that Plaintiff did not raise the waiver argument in his Motion. Although Plaintiff did address defense counsel's failure to confer at the conclusion of the Motion, Plaintiff raised the waiver argument for the first time in his reply. *See United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court.").

### A. LEGAL STANDARD – REASONABLE ATTORNEYS' FEES

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

### B.  REASONABLE HOURLY RATE

I find that $400 per hour is a reasonable hourly rate for Plaintiff's attorneys, Michael Feiler and Martin Leach, in this simple FLSA matter. As it is Plaintiff seeking an award of attorneys' fees, he has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir.1994)).

Here, Plaintiff contends that $600 is a reasonable hourly rate for his attorneys in this matter. Both of Plaintiff's attorneys have been members of the Florida Bar for more than 25 years. According to the Motion, they customarily bill at a rate of $600-$650 per hour. In their

4

declarations, which are attached to the Motion, counsel state that they have each tried roughly 50-100 jury trials during their careers. Additionally, Mr. Feiler is Board Certified in Civil Trial.

As noted above, however, Defendant contends that the rate sought by Plaintiff's counsel is excessive and that it should be reduced to $400 per hour. Defendant notes that Plaintiff has not cited any case in which Plaintiff's counsel or any attorney with comparable experience has been awarded a $600 rate in a garden-variety FLSA matter in this district. Additionally, Defendant cites a recent FLSA case in this district where the hourly rate of an attorney with more experience than Plaintiff's counsel was reduced to $400. *See Collar v. Abalux, Inc.*, No. 16-20872-CIV, 2020 WL 6946085, at *3-5 (S.D. Fla. Nov. 9, 2020), *report and recommendation adopted*, 2020 WL 6945932 (S.D. Fla. Nov. 25, 2020).

Defendant's arguments are well-taken. Even though Plaintiff has the burden of establishing that the hourly rate sought is reasonable, he has not cited a single case where any judge in this district found a rate anywhere close to the rate requested by his attorneys to be reasonable in an FLSA case. In his reply, Plaintiff contends that "a survey of recent cases in this District finds cases in the $450 range" and that those cases did not involve attorneys who are board certified and/or that have Plaintiff's attorneys' trial experience. [DE 117] at 4. However, Plaintiff does not identify any of these cases. Additionally, only Mr. Feiler is board certified, but Plaintiff's records fail to identify which time entries pertain to Mr. Feiler and which entries pertain to Mr. Leach. Therefore, even if Mr. Feiler's board certification warrants a higher rate, the Court would have to apply the lower rate due to counsel's failure to note which time entries apply to which attorney.

At any rate, while I am aware of a small handful of cases that have awarded rates up to $450 in FLSA cases in this district, those cases are few and far between. In FLSA cases in this

5

district, a rate above $400 seems to be the exception rather than the rule. In fact, $375 has been considered to be "at the high end of the range of rates charged in" this district for FLSA attorneys. *Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015); *see also Allen v. Robert F. DeLuca, M.D., P.A.*, No. 9:18-CV-81265, 2019 WL 12265795, at *1 (S.D. Fla. Oct. 29, 2019), *report and recommendation adopted*, 2020 WL 9458729 (S.D. Fla. Jan. 2, 2020) (reducing rate of attorney with more than 40 years of experience from $420 to $350); *Vertilus v. Anglin's Beach Cafe, LLC*, No. 19-61462-CIV, 2019 WL 4139498, at *2 (S.D. Fla. Aug. 30, 2019) (reducing attorney's rate from $450 to $375).

Moreover, although this case proceeded to trial, it appears to be among the simplest of FLSA cases. It involved an employee who worked for Defendant for a very short period of time and where a relatively small sum was at issue. I fully recognize that it is important to ensure that attorneys are willing to represent plaintiffs in these types of cases and that Plaintiff is entitled to an award of reasonable attorneys' fees as the prevailing party. Nonetheless, this non-complex FLSA case does not justify awarding a rate greater than what has been awarded in any other FLSA case in this district.[2]

Ultimately, based on my consideration of the parties' arguments, Plaintiff's attorneys' experience and qualifications, Eleventh Circuit case law and case law in this district (including cases awarding fees in FLSA cases), and my own knowledge regarding reasonable hourly rates in this community (including, specifically, in FLSA cases), I agree with Defendant that $400 is a

---

[2] I recognize that Plaintiff's attorneys have been awarded greater rates in certain state court matters. *See* [DE 121]. And I agree that a rate above $400 may be reasonable for Plaintiff's attorneys in complex non-FLSA matters. But counsel's requested rate in this non-complex FLSA matter is not reasonable.

reasonable hourly rate for Plaintiff's attorneys in this case. A greater rate in this matter would be unreasonable.

### C. HOURS REASONABLY EXPENDED

As noted above, Plaintiff contends that his counsel reasonably incurred 153.1 hours,[3] while Defendant contends that only 87.7 of these hours were reasonably incurred. Having reviewed and considered Plaintiff's attorneys' time entries [DE 112 at 11-24], Defendant's objections to specific entries [DE 115-1], and the parties' arguments in the briefing,[4] I find that 56.9 hours should be deducted for the reasons discussed herein. Deducting those hours, I find that Plaintiff's counsel reasonably expended 96.2 hours in connection with this matter.

As an initial matter, Defendant correctly notes that Plaintiff's counsel should have maintained contemporaneous time records but failed to do so. *See Phiffer v. Greenstar Landscaping, Co.*, No. 21-22391-CIV, 2021 WL 6424630, at *3 (S.D. Fla. Dec. 15, 2021), *report and recommendation adopted*, 2022 WL 104265 (S.D. Fla. Jan. 11, 2022) ("Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." (citation omitted)). This failure is evident from the fact that Plaintiff's counsel spent 8.8 hours over 6 days in March 2022 preparing or "working on Attorney's Time Records." Now, I do not deduct any hours solely because counsel did not keep contemporaneous time records. But counsel must still have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988)

---

[3] The Motion states 153.1 hours. However, Plaintiff's counsel indicates in other locations that 154.1 hours were incurred. Because Plaintiff has the burden of documenting the number of hours incurred, any hours that I find must be deducted will be deducted from the 153.1 figure to determine the reasonable number of hours expended in this case.

[4] Plaintiff's Reply is largely silent regarding the specific objections Defendant raises in its Response as to hours billed.

("[C]ontemporaneous time records are not indispensable where there is other reliable evidence to support a claim for attorney's fees." (citations omitted)). And I do find that the 8.8 hours spent for preparing time records should be deducted. It is unreasonable for attorneys to bill their clients for entering time on a case, and it is likewise unreasonable to pass those hours on to Defendant here.

Next, I agree with Defendant that it was unreasonable to have two attorneys with more than 25 years of experience each, who have each tried approximately 50-100 jury trials, bill for attending trial in this non-complex FLSA case. Even putting aside the amount of money at issue and the extremely short period of time in which Plaintiff worked for Defendant, only three witnesses testified at trial, and very few exhibits were involved. *See* [DE 94, 98, 104, 107]. Moreover, Defendant indicates that only one of Plaintiff's attorneys handled all, or nearly all, tasks at trial on behalf of Plaintiff (opening, cross examination, closing, and legal arguments). *See* [DE 115] at 10. Plaintiff does not refute this in his reply.[5] Accordingly, I agree with Defendant that it should only be obligated to pay for the hours incurred by one of Plaintiff's attorneys at trial. Therefore, I deduct the time billed by the second attorney (21 hours).

I also agree with Defendant that the amount of time spent preparing Plaintiff's Motion to Tax Costs ("Costs Motion") [DE 108] was excessive. To prepare the Costs Motion, Plaintiff's counsel billed 8 hours. Defendant contends that the time should be reduced from 8 hours to 0.1 hours both because counsel previously billed time for the Costs Motion on 3 separate occasions

---

[5] The reply does state that "there is no allegation that both lawyers did not actively participate in" trial. [DE 117] at 5. But this conclusory statement fails to refute Defendant's argument (for which Defendant offers specific information) that one of Plaintiff's attorneys handled essentially all aspects of trial. It is unclear whether Plaintiff's other attorney handled any aspect of trial (for instance, the briefing is silent on who handled direct examination). Nonetheless, even assuming Plaintiff's other attorney handled direct examination, which is obviously an important task, this very simple FLSA case is not a case that justifies the time of 2 attorneys at trial (particularly 2 attorneys who have each been practicing for more than 2 decades).

8

and because the time spent on the Costs Motion was "very excessive given the scope of the motion." [DE 115-1] at 16.  As to the three prior entries Defendant identifies, it is evident that those entries relate to Plaintiff's fee motion (the Motion that is the subject of this Report), not the Costs Motion.  Nonetheless, having reviewed the Costs Motion (and the affidavit attached thereto), which can only be described as a very short and simple motion, counsel could not have reasonably spent 8 hours to prepare it (particularly counsel with this level of experience).  It is possible that 8 hours is a scrivener's error and that the amount of time incurred was either 0.8 hours or 1.8 hours (more likely 0.8 hours).  Therefore, I will reduce the time billed by 7.2 hours (8 hours to 0.8 hours).  While it could reasonably have taken slightly more than 0.8 hours for Plaintiff's experienced counsel to prepare the Costs Motion, the reduction to 0.8 hours is appropriate given that Plaintiff has the burden to document the number of hours reasonably incurred.

With respect to the fee motion that is the subject of this Report, counsel billed 7.1 hours over 3 separate days.  Defendant argues that it should not have taken that long for attorneys with the experience of Plaintiff's counsel to have prepared the Motion and indicates that the amount billed should be reduced to 4 hours.  *See* [DE 115] at 8; [DE 115-1] at 15-16.  Having reviewed the Motion, I agree that 7.1 hours is excessive, especially considering that Mr. Feiler states in his declaration that he has served as an expert witness in fee matters.  *See* [DE 112] at 27.  Defendant indicates in its objections that the time billed was excessive given that Plaintiff's counsel likely previously prepared and filed a similar form of fee motion.  *See* [DE 115-1] at 15-16.  While I ordinarily would not consider such statements when purely based on speculation, I agree with Defendant that the Motion does appear to be a based on a form previously created.  Notably, all of the cases cited in the Motion are from 2005 and earlier, most much earlier (though, the Motion does cite to certain important cases in the attorney fee context).  Additionally, in one location, the

Motion refers to the male Plaintiff as a "her." [DE 112] at 6. Regardless, the reason that I find a reduction to be warranted is because, based on my own independent review of the Motion, the time spent by an attorney with Plaintiff's counsel's experience (including experience as a fee expert) is excessive. Under the circumstances, I find that Defendant's proposed 3.1-hour reduction (from 7.1 hours to 4 hours) is reasonable.

Defendant also objects to the following deposition-related entries by Plaintiff's counsel: (1) "Portal to Portal Attendance of Thomas Ranieri's Deposition" (on January 14, 2020); (2) "Portal to Portal Preparation and Attendance of the Deposition of Matthew Haiman" (on January 22, 2020); and (3) "Attendance at Deposition of Matthew Haiman as PWMK" (on January 22, 2020). Defendant contends that the first entry should be reduced from 6 hours to 5.5 hours because the amount billed is excessive for a deposition that only lasted 3 hours and 43 minutes. I agree that the time billed is excessive without further information from Plaintiff as to why 6 hours was billed for a deposition that lasted less than 4 hours. Therefore, I will reduce the first entry by 0.5 hours (from 6 hours to 5.5 hours as requested by Defendant). However, I will not reduce the second and third entries. They both include 0.3-0.4 hours more than the depositions lasted, and the depositions were taken at Plaintiff's counsel's office. Nonetheless, the amount of time billed over and above the duration of the January 22, 2020 depositions is quite low. If the entries included more than an extra 0.3-0.4 hours, I would require a further description or explanation, but the small amount of extra time billed over and above the exact duration of the depositions is not unreasonable.

Defendant's Response also addresses three other issues (its remaining objections are included in its objections to specific entries, DE 115-1): (1) it objects to a March 31, 2022 entry for an email sent by Plaintiff's counsel to Defendant's counsel; (2) it objects to March 9, 2022

10

entries for reviewing jury instructions and jury questions/comments the day after trial concluded; and (3) it contends that Plaintiff's time records include numerous entries for clerical work that should be deducted.  First, as to the March 31, 2022 entry, Defendant notes that its counsel did not receive an email from Plaintiff's counsel on that date.  However, as Defendant seems to recognize, it is evident that this entry relates to an email sent on March 30, 2022, which is attached to the Motion.  [DE 112] at 29.  Nonetheless, a review of the email confirms that Defendant correctly posits that any charge above 0.1 hours for sending the email is excessive.  Therefore, I deduct 0.4 hours from this 0.5-hour entry.  Second, I agree that without further explanation from Plaintiff,[6] the entries for reviewing jury instructions and jury questions/comments the day after trial concluded was an unnecessary task and, therefore, that it would not be reasonable to pass on those expenses to Defendant.  Therefore, I deduct these entries, which total 1.6 hours.[7]  Third, as to the issue of clerical work, Defendant primarily complains about Plaintiff's counsel billing for emailing case filings to Plaintiff.  While I agree that it would be unreasonable for counsel to bill for emailing every inconsequential filing to a client, it is reasonable for an attorney to email a client regarding consequential items.  Overall, Defendant raises "clerical" objections for 2.4 hours (5 entries of 0.2 hours and 14 entries of 0.1 hours).  Nearly all of these hours are for emailing items to Plaintiff (two entries are for preparing deposition notices).  Based on the descriptions provided, I reduce

---

[6] As indicated above, Plaintiff's Reply is silent on most of the objections Defendant raises in its Response regarding hours billed.

[7] Also, my own independent review of these two docket entries [DE 99, 102] reveals that it should not have taken counsel 1.4 hours to *re-review* jury instructions *after* trial, even if doing so was a necessary task.  The jury instructions are 14 double-spaced pages.  The text on most pages does not even fill the page.  Additionally, at least half of the pages are generic pattern instructions that counsel (who have handled numerous jury trials) would have already seen numerous times prior to counsel's participation in this case.  Nor would reviewing the jury questions/comments [DE 102] reasonably have taken more than 0.1 hours (0.2 was billed).  As to the jury instructions, I also note that I have not deducted earlier entries for preparing/reviewing jury instructions (a 7/8/2020 entry for 2.1 hours and an 8/11/2021 for 2.4 hours).

four of the 0.2 entries to 0.1 (a total reduction of 0.4 hours).  However, I do not reduce the 0.2 entry for preparing the corporate representative deposition notice (on November 19, 2019), and I find that no further reductions are warranted based on "clerical" objections.

Finally, as to Defendant's remaining objections (in DE 115-1), I deducted an additional 13.9 hours:

- I deducted 2.7 hours (the reduction requested by Defendant) from the pre-litigation entries in 2017 and 2018.  I would have deducted more hours from these entries had Defendant sought a greater reduction.  The reason for the reduction is because Plaintiff has failed to carry his burden of showing that the hours incurred in 2017 and 2018 were incurred for a compensable purpose.  *See Barnes*, 168 F.3d at 436.  Although the first 2018 entry (a 1.1-hour entry) includes some time for drafting a complaint, the entry suffers from block-billing and therefore does not allow me to ascertain the amount of time spent working on the complaint.  At any rate, the first 2019 entry also includes time spent preparing the complaint, and I am not excluding or reducing that entry.
- I deducted 0.8 hours (for the time of one attorney) where both attorneys charge for the same emails (*see, e.g.*, 6/6/19 and 3/16/20 entries in DE 115-1 at 4, 9).
- I deducted 2.5 hours (Defendant sought a reduction of 2.9 hours) from a 3.9-hour entry on 7/1/19 for preparing a response to Defendant's motion to dismiss the amended complaint and for conducting related research.  The time billed is excessive.  The response [DE 25] is 10 pages excluding the certificate of service.  However, the majority of the response was filled by copying and pasting the amended complaint into the response.  The remaining portion of the response (pages 1-4) contains content that is largely identical to the content contained in Plaintiff's earlier response [DE 17] to a motion to dismiss the initial complaint.  All that appears to have been added to DE 25 are paragraphs 3-5 of the introduction and a short paragraph on the Rule 12(b)(6) standard.
- I deducted 0.1 hours from a 0.2-hour entry on 7/23/19 for reviewing Defendant's Response to Plaintiff's Statement of Claim (*see* DE 33, which contains 5 brief sentences on a single page).
- I deducted 0.8 hours from a 3.3-hour entry for attending the 8/14/19 settlement conference.  The amount deducted is based on Defendant's proposed reduction.  Defendant sought the reduction noting that the settlement conference lasted less than 1 hour.  Given the shorth length of the settlement conference, Plaintiff failed to justify the 3.3-hour charge.
- I deducted 1.8 hours from a 2.8-hour entry on 8/20/19 for preparing the Second Amended Complaint.  A comparison of the Second Amended Complaint [DE 38] and the Amended Complaint [DE 19] shows that very little was added to the Second Amended Complaint.  In fact, the only substance that appears to have been added is a single paragraph (paragraph 14).  Beyond that, only minor changes were made (such as changing Defendant to Defendants).

- I deducted 0.2 hours for an out-of-place, unreliable 9/15/21 entry that is located between 9/9/19 and 10/4/19 entries (*see* DE 115-1 at 6; *see also* DE 115 at 6-7).
- I deducted 0.7 hours from a 1.3-hour entry on 4/7/20. Defendant correctly notes that the entry is excessive given the time billed for the same tasks the prior day.
- I deducted a total of 1 hour from three April 2020 entries (totaling 2.9 hours) for preparing and finalizing a response statement of facts. The time billed is excessive based on my review of DE 58,[8] but the 1.6-hour reduction sought by Defendant is too large.
- I deducted 0.3 hours from a 0.9-hour entry on 11/18/20 for reviewing the order denying motion for summary judgment. The 0.9-hour charge is excessive for simply reviewing DE 70.
- I deducted a 0.2-hour entry from 5/16/20 for email conferral regarding a motion in limine. Defendant states no emails were exchanged on that date, and the docket does not reflect the filing of any motion in limine.
- I deducted 2.8 hours from a 4.8-hour entry on 3/4/22 for legal research regarding outside sales exemption.[9]

As reflected above, I agree with most of the reductions sought by Defendant. Plaintiff's counsel did a poor job maintaining contemporaneous billing records and exercising billing judgment. However, for entries to which Defendant objects that are not discussed above (most of which Defendant simply states are "excessive"), I do not find that such hours should be deducted. When the entries pertain to filings on the docket, I conducted an independent review of those filings to ensure that the time billed was reasonable and not excessive. Some of those filings likely

---

[8] In DE 58, Plaintiff briefly responded to 12 brief statements from Defendant's statement of facts (7 of 12 statements were agreed) and included 2 brief additional facts.

[9] Plaintiff, as the fee proponent, fails to provide a description sufficient to show that the number of hours billed were reasonably expended on this task. This task appears to be related to jury instructions on the outside sales exemption. *See* [DE 92, 96]. However, the relatively brief jury instruction that Plaintiff filed regarding this exemption [DE 96] only cites a single case and a few regulations, authorities it would not have reasonably taken anywhere near 4.8 hours to locate and review on this narrow issue (even if some other cases were also reviewed). In fact, my own search on Westlaw for Eleventh Circuit cases containing the words "outside sales exemption," yielded the one case cited in Plaintiff's proposed instruction [DE 96] as the very first result, and a total of 2 Eleventh Circuit cases contain the words "outside sales exemption". Ultimately, I apply the 2.8-hour reduction sought by Defendant because Plaintiff's counsel's description does not allow the Court to conclude that counsel reasonably expended the 4.8 hours billed for legal research and reviewing cases and regulations on this narrow issue (and my own quick search reveals that the amount of time billed was plainly excessive).

should have taken less time to review, but I cannot conclude that the time expended was unreasonable (for those entries where I have not deducted any time).  Additionally, for a handful of entries related to reviewing and responding to discovery requests (in November 2019 and January 2020) where Defendant contends the time is excessive, Defendant fails to provide any information – such as the number of requests in the respective discovery requests – to allow the Court to determine whether the time billed is in fact excessive.  Therefore, I do not reduce those entries.  *See Barnes*, 168 F.3d at 428 ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)).

Applying the reductions discussed above (8.8, 21, 7.2, 3.1, 0.5, 0.4, 1.6, 0.4, 13.9), I find that Plaintiff's counsel's total hours should be reduced by 56.9 hours, and that counsel therefore reasonably expended 96.2 hours (153.1 – 56.9).

### D.  LODESTAR

For the reasons discussed above, I find that Plaintiff's counsel's reasonable hourly rate is $400 and that counsel reasonably expended 96.2 hours of work on behalf of Plaintiff in this matter.  Therefore, the lodestar figure for this matter is $38,480 ($400 * 96.2 hours).  I find that the lodestar represents a reasonable fee award in this case.

### CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 112] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiff attorneys' fees in the amount of **$38,480**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 15th day of July 2022.

Jared M. Strauss
United States Magistrate Judge