**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CV-60229-GAYLES/STRAUSS**

**THOMAS RANIERI,**

    Plaintiff,
v.

**PREMIER FIRE ALARMS AND**
**INTEGRATION SYSTEMS, INC.,**

    Defendant.
_____/

## ORDER ON MOTION TO COMPEL; FOR ADDITIONAL SANCTIONS; AND TO EXTEND TIME TO FILE TIME RECORDS

**THIS MATTER** came before the Court upon Plaintiff's Motion to Compel; for Additional Sanctions; and to Extend Time to File Time Records ("Motion"). [DE 170]. Plaintiff requests the Court order Defendant Premier Fire Alarms and Integration Systems, Inc. ("Premier"), Matthew Haiman ("Haiman"), and Premier Fire Alarms and Integration System, Installation Division, Inc. ("Installation Division") to produce all remaining responsive discovery documents as this Court directed in its previous order [DE 165]. Specifically, Plaintiff seeks to obtain the unredacted contractual agreements between Installation Division and its current and possibly former clients, copies of checks showing payments to Defendant and Installation Division, and a recording Haiman took of his deposition. I have reviewed the Motion, the Response and Reply thereto, and all other pertinent portions of the record. For the following reasons, the Motion is **GRANTED-IN-PART and DENIED-IN-PART**.

## **DISCUSSION**

I. **Production of Documents**

As a general rule, unless a court, for good cause, excuses a party's failure to respond or object to a request for production, any objection will be deemed waived. *See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012); *see also In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). A party may move for an order compelling disclosure or discovery when a party fails to produce documents as requested under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37. Should a party fail to comply with a court order on discovery, the court may issue a further order which could include an order of contempt or other sanctions. Fed. R. Civ. P. 37(b)(2).

Here, Plaintiff requested Haiman, acting in his individual capacity and as corporate representative for Premier and Installation Division, to produce "[a] list of all clients of [Installation Division] that had any business with [Premier] before its closure," and "[a] list of all clients of [Installation Division] that had any business with [Premier] before its closure." [DE 170] at 2. To date, Haiman has not provided such lists in defiance of this Court's previous order [DE 165]. Instead, prior to his deposition, Haiman produced 394 agreements between Installation Division and its current and possibly former clients dating from 2020–2023. Those agreements, however, were heavily redacted and only contained a date and signatures of the parties. *See id.* at 17.

When Plaintiff questioned Haiman on why he failed to produce unredacted copies of those agreements, Haiman asserted they were proprietary information. [DE 174–1] at 9. Haiman stated he did not want Plaintiff to obtain this information because Plaintiff could use the unredacted

2

information – the name and identifying information of the client (beyond the signature at the bottom of the redacted contract) as well as the pricing of the services agreed to in the contract – to acquire his customers.  *Id.*  Notably, Haiman did not move for a protective order nor file an objection to Plaintiff's request earlier, and the time to do so under Federal Rule of Civil Procedure 34 has long passed.  *See* Fed. R. Civ. P. 34(b)(2).  Despite the absence of a protective order, and the lack of objections earlier, Plaintiff's counsel, on the record, agreed that he would not share the client information with Plaintiff.  [DE 174] at 10.  Haiman continues to refuse to produce the requested documents.

"[A] motion to compel discovery is committed to the discretion of the trial court."  *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).  Plaintiff requested Haiman produce certain documents.  Haiman has not produced these documents and did not move for a protective order nor file an objection within the allotted time.  Thus, his current objection, taken from his testimony at his deposition, is deemed waived.  *See Wynmoor Cmty. Council*, 280 F.R.D. at 685.  Notwithstanding this waiver, Plaintiff's counsel has (reasonably) agreed to not share the pricing information with his client and only use the information for purposes of this case (to aid in his attempts to collect on Plaintiff's judgment).  Consequently, Haiman shall produce the unredacted copies of the 394 agreements to Plaintiff's counsel no later than December 22, 2023.  Moreover, Plaintiff's counsel shall not share any pricing information in the agreements with Plaintiff and shall not make use of the information in the agreements for any purpose other than for pursuing execution of the judgment in this case.

Plaintiff further requested Haiman provide, on behalf of Installation Division and Premier, bank statements and checks for every checking account for the previous five years.  [DE 170] at 11, 15.  During Haiman's deposition, he testified and provided documentation illustrating that it

would cost $5.00 per check to obtain the requested checks from the bank. [DE 174] at 21; [DE 170] at 18–19. Considering the amount of checks requested, producing these documents would cost upward of $20,000.00.

A court may limit the scope of discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In this instance, Plaintiff has secured a final judgment in his favor totaling $2,200.00. [DE 106]. Additionally, the Court awarded Plaintiff $2,152.00 in taxable cost, [DE 111], and $38,480.00 in attorneys' fees [DE 123]. Although Defendant did not raise the issue prior to the deadline for disclosure, and the requested checks appear relevant to the issues in the case, I nevertheless find that it would be unduly burdensome, and disproportionate to the needs of the case, for Defendant to bear a cost that essentially amounts to half of the amount owed to Plaintiff to comply with this one discovery request. Therefore, the Motion is denied to the extent it seeks for Premier and Installation Division to produce all of the requested checks (if the only method for obtaining those documents is through the bank at a cost of $5.00 per check). The parties shall further confer to narrow the request in an attempt to reduce the financial burden in securing these documents.

## II.     Video Recording of the Deposition

Plaintiff asserts Haiman illegally recorded his deposition without Plaintiff's counsel's approval. [DE 170] at 3. Plaintiff concedes that Federal Rule of Civil Procedure 30(b)(3) permits the video recording of a deposition but requests the Court to compel Haiman to provide a copy of the recorded deposition to him. [DE 170] at 5; [DE 177] at 4. In response, Defendant does not address whether Haiman will provide a copy of the recording and instead states that recording the deposition is not a violation of any Florida criminal or civil statute. [DE 175] at 8. However, as Plaintiff correctly notes, such recording is only permitted when a party gives prior notice to the

4

other parties. Fed. R. Civ. P. 30(b)(3). Nothing in the record indicates Haiman provided prior notice of his intent to video record his deposition. Moreover, Plaintiff only requests in the Motion that Haiman should turn the recordings over, and the Court should assess appropriate sanctions against him, Installation Division, and Premier. *See* [DE 170] at 5. Seeing that Plaintiff now concedes the video recording would have been permissible had Haiman given prior notice, the Court finds the best way to address this situation is to order Haiman to provide a copy of the deposition recording to Plaintiff by December 22, 2023. *See O'Boyle v. Sweetapple*, No. 14-CV-81250, 2016 WL 3647599, at *3 (S.D. Fla. June 30, 2016) (ordering Plaintiff, who "chose to audio-video record the depositions himself rather than hire an expert videographer to do it," to make the audio-video recordings available to the defendant). The Court will not impose further sanctions for this action. However, Haiman shall not record further depositions or proceedings without prior notice and is prohibited from disseminating the deposition recording in any way, other than providing a copy to Plaintiff, given that Haiman recorded the deposition without providing notice in contravention of the Federal Rules of Civil Procedure.[1]

### III.     Extension of Time

Plaintiff seeks an additional forty-five days to submit time records in support of previously awarded sanctions so that the additional time may reflect the recent proceedings. [DE 170] at 4. Defendant does not oppose this extension. Therefore, Plaintiff shall have an additional forty-five days to submit his attorneys' time records.

---

[1] During the deposition, while engaged in a particularly heated argument, Haiman threatened to "YouTube it [the deposition recording] afterwards."

IV.     **Attorneys' and Party Conduct**

Lastly, much of the briefing (particularly the Response and Reply) is consumed with accusations and counter-accusations about misconduct during the deposition. Since none of this conduct bears directly on the specific relief Plaintiff has requested (other than regarding the video recording of the deposition), the Court need not arbitrate who instigated the problems, whose conduct was worse, nor who is most at fault. Nevertheless, I must observe that the childish insults and school-yard taunts are unprofessional and unacceptable. After reviewing the deposition, the Court notes that the attorneys and Haiman used vulgar language and disparaging personal remarks instead of behaving like adults and members of the Bar.[2] Such misconduct repeats previous discourteous exchanges from counsel and Haiman from earlier in the case. Counsels are reminded that they have a professional responsibility to behave in an appropriate manner:

> A lawyer should be courteous and civil in all professional dealings with other persons. Lawyers should act in a civil manner regardless of any ill feelings that their clients may have toward others. Lawyers can disagree without being

---

[2] Below is only one example of unprofessional conduct that transpired during the deposition:

**Haiman**: Listen, I have video coverage with your demeanor from the very beginning, and your demeanor isn't so bright. You're the one accused me of a bunch. You're the one that finish it

**Mr. Feiler**: What did I accuse you of, sir?

**Haiman**: I have it on video. We can share it with the Judge

\*\*\*

**Mr. Feiler**: You know you have a nice little smirk on your face.

**Haiman**: I do. What are you going to do about it?

**Mr. Feiler**: Is that just because you're short? I mean, what is it?

[DE 174–1] at 109. Additionally, both Mr. Feiler and Mr. Groysman engaged in argumentative debate throughout the deposition. *See, e.g.*, *id.* at 123–25.

> disagreeable. Effective and zealous representation does not require antagonistic or acrimonious behavior. Whether orally or in writing, and whether in or out of court, lawyers should avoid vulgar language, disparaging personal remarks, or acrimony toward other counsel, parties, or witnesses.

*The Fla. Bar v. Norkin*, 132 So. 3d 77, 90–91 (Fla. 2013) (quoting Guidelines for Professional Conduct, *General Principles*). While Mr. Haiman is not governed by rules of professional responsibility, his language and conduct was similarly unacceptable. Further outbursts like the ones recorded at the November 16, 2023 deposition could lead to sanctions and reporting to the Florida Bar.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED-IN-PART and DENIED-IN-PART**.

1. Installation Division shall produce the 394 unredacted agreements by **December 22, 2023**.

2. Plaintiff's counsel shall not share the pricing information contained within those agreements with his client or anyone else outside these proceedings.

3. The parties are to further confer about narrowing the requests for copies of checks made to Premier and Installation Division in an attempt to reduce the financial burden in securing these documents.

4. Haiman shall produce a video copy of the November 16, 2023 deposition to Plaintiff by **December 22, 2023**.

5. Plaintiff shall have an additional forty-five days to submit his attorneys' time records in support of its sanctions judgment.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 14th day of December 2023.



Jared M. Strauss
United States Magistrate Judge